# HIGHTOWER vs. MOORE.

[APPLICATION TO REQUIRE ADMINISTRATOR TO GIVE ADDITIONAL BOND.]

1. *Surety on administration bond ; what liability of, not discharged by.*—The liability of a surety on an administrator's bond is not discharged by his death, although the default occurred afterwards.
2. *Decree; when will not be reversed.*—A decree of the probate court on the facts of a case, will not be reversed when the evidence on either side is pretty evenly balanced.

APPEAL from Probate Court of Russell county.
Tried before Hon. T. L. APPLEBY.

The appeal is taken from the refusal of the probate court to require the appellee, as administrator, to give a new bond. The proof is, that the administrator himself and one of his sureties are virtually insolvent. Another one is apt to pay his debts, but his means are extremely limited. The third is dead and his estate has been distributed, but it was worth between fifteen and twenty thousand dollars. The estate of the intestate has been administered, except some land proposed to be sold for distribution, and valued at about $23,000, which it was proposed to sell on a credit.

G. D. & G. W. HOOPER, for appellant—Contended that the word "may" in the Revised Code, in relation to the removal of administrators, was *mandatory,* and must control the court ; that the facts of the case forbid the exercise of any discretion by the probate judge against the removal of the appellee.—17 Ala. 527 ; 43 Ala., *Ex parte Chase.*

No appearance for appellee.

B. F. SAFFOLD, J.—As the land will probably be sold on terms of credit, payable in installments, the security may be sufficient. The estate is so nearly administered and distributed that the risk is much abated. In *Moore v. Wallis,* 18 Ala. 458, it was held that the liability incurred

by the surety on a guardian's bond is not discharged by his death, although the default occurred afterwards. There is therefore the security of this estate, and it is not probable that the administrator will receive more of the purchase-money of the land, before he can be made to account for it, than there is protection for. On the presumption in favor of the judgment of the probate court in matters of fact, we sustain this decree.

The decree is affirmed.