## THE ROYAL INSURANCE COMPANY v. DAVIES.

40   469<br>104   268

**Surety:** EFFECT OF DEATH OF. Where a bond stipulated that the surety bound himself, his "heirs, executors and administrators," it was *held* that his liability for his principal was not terminated by his own death but extended to his heirs and legal representatives.

<em>Appeal from Scott Circuit Court.</em>

WEDNESDAY, JUNE 9.

THE plaintiff's petition states that on or about January 26th, 1872, W. F. Kidder, as principal, and John L. Davies, as surety executed and delivered to the plaintiff their bond as follows:

"Know all men by these presents, that I, William F. Kidder, of the town of Davenport, county of Scott, state of Iowa, as principal, and John L. Davies, of the town of Davenport, county of Scott, state of Iowa, as surety, are held and firmly bound unto the Royal Insurance Company of Liverpool, a corporation authorized by act of Parliament, and located at Liverpool, England, in the sum of one thousand dollars to be paid unto the said company, their certain attorneys or assigns, to which payment well and truly to be made, we jointly and severally, bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

Sealed with our seals and subscribed at Davenport, Iowa, this 26th day of January, 1872.

The conditions of this obligation is such, that whereas the above named W. F. Kidder has been appointed by the aforesaid company their agent for the city of Davenport, county of Scott, and state of Iowa, during the pleasure of the manager and attorney thereof, by reason whereof, and as such agent he will receive into his hands and possession divers sums of money, policies, chattels and other effects, the property of said company, and is bound to keep true and accurate accounts of said property and of receipts and disbursements and to deliver, account for, and pay over the same when demanded and directed according to the instructions of the Directors of said company.

Now, therefore, if the said W. F. Kidder shall promptly pay to the said company the amounts received from time to time, and shall well and truly perform all and singular the duties as agent of said company, as directed, according to the provisions of the charter, by-laws, rules and regulations of said company now existing, or which may be adopted by said company, for and during the time he officiates as said agent, and shall deliver all the property which he may receive and hold as said agent, to his successor in office, or to such other person as the said company, or its authorized officers may direct, then this obligation shall be null and void, otherwise remain in full force and virtue.

(Signed.)        W. F. KIDDER, [SEAL.]
                   JOHN L. DAVIES, [SEAL.]

Signed, sealed and delivered in presence of
                       H. GOODRICH."

It is further alleged that Kidder was duly appointed agent of plaintiff January 26th, 1872, and continued to act until his death, December 19th, 1872; that at the time of his death he was indebted to the plaintiff in the sum of $219.58, for premiums collected by him in October, 1872, and that plaintiff has expended $11.50 in an effort to collect said sum from the estate of said Kidder.

The defendant answered admitting substantially the allegations of the petition, and alleging as an affirmative defense

thereto, that John L. Davies, the surety died on the 23d day of April, 1872; that thereby his estate was discharged from any further liability on said bond, and that up to the time of his decease the conditions of said bond had not been broken, but that the breaches thereof alleged in the petition, happened after the death of said Davies.

To this answer the plaintiff demurred, which being over-ruled and plaintiff standing thereon, judgment was rendered for defendant. Plaintiff appeals.

*Brown, Campbell & Gould*, for appellant.

*Davidson & Lane*, for appellee.

MILLER, CH. J.—The question presented in the record is whether the death of Davies, the surety in the bond, operated in law as a discharge of his estate from liability for the default of the principal, happening after the death of the surety. In other words, whether the death of the surety operated to terminate the obligation assumed by him when he executed the bond on his part. It is not claimed on the part of the defendant that the liability of the surety, or his obligation as such, was terminated by reason of any act, or omission of the plaintiff, but it is claimed that the obligation of the surety ceased and the bond became defunct, as to every act done after the death of the surety, by reason of such death alone. By the terms of the bond the surety, Davies, bound himself, his " heirs executors and administrators," as surety for his principal, Kidder. This language shows no intention to limit the liability to the lifetime of the surety; on the contrary it imports that the liability shall continue after his death, and bind his heirs and personal representatives. This intention is further manifested by the subsequent language of the bond, in defining more particularly the obligation assumed by the obligors therein. It is, that, " if the said W. F. Kidder shall promptly pay to the said company the amounts received from time to time, and shall well and truly perform all, and singular the duties as agent of said company, as directed, according to the provisions of the charter, by-laws, rules and

regulations of said company now existing, or which may be adopted by said company, *for and during the time he officiated as said agent*, * * * then this obligation shall be null and void, otherwise remain in full force and virtue." This language clearly shows that the obligation of the sureties to the bond was to continue for and during the time Kidder, the principal, should officiate as agent of the company. Of course the death of Kidder would terminate the obligation of the sureties, for thereby the agency of Kidder would terminate. The terms of the bond continue the liability of the sureties as long as Kidder should act as agent of the company and this liability likewise by the terms of the bond, extends to the heirs and legal representatives of the sureties. They are bound by as clear and unmistakeable language as that which binds the sureties personally. Instead of there being any intent manifested to limit the obligation of the sureties to the terms of their respective lives, it is clearly shown that it was intended the obligation should extend to, and bind the heirs and personal representatives of the sureties, and that the binding force of the bond, and the sureties' liability should continue as long as Kidder should act as the agent of the company.

No case exactly in point has been cited by appellant, and no authority whatever is cited by appellee. We are clear, however, that upon the general principles regulating contracts, and the terms of the bond in this case the death of the surety, Davies, did not terminate the binding force of the bond upon his heirs and legal representatives for the failure of Kidder, while he was the agent of the plaintiff, to pay over money coming into his hands as such agent. The case of *Gordon v. Calvert*, 4 Russ, 581, cited by appellant supports the view we have here taken.

The court erred in overruling the plaintiff's demurrer to the answer.

REVERSED.