NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1884.

STEVENS ·V. STEVENS.

*In the matter of the estate of* PARAN STEVENS, *deceased.*

The death of a surety on an executor's official bond does not relieve the surety's estate from liability for a subsequent default of the executor in the management of his decedent's estate.

There is no provision of statute requiring the renewal of an executor's official bond, upon the death of a surety therein, the death not being a removal from the State, within the meaning of Code Civ. Pro., § 2597, which provides for a renewal in the event of such a removal.

PETITION by Marietta R. Stevens, widow of decedent, to compel Charles G. Stevens, one of the executors of his will, to file a bond with new sureties. The facts appear sufficiently in the opinion.

BANGS & STETSON, *for petitioner.*

BURRILL, ZABRISKIE & BURRILL, *for executor.*

THE SURROGATE.—Mr. Charles G. Stevens is a non-resident executor of this decedent's estate. In October, 1878, he filed a bond as such executor, with Mr. Charles W. Griswold as surety. Mr. Griswold has since died, and because of his death the petitioner, who is "interested in the estate," asks that the executor be required to file a bond with new sureties. Section 2597 of the Code of Civil Procedure provides that the Surrogate may require a new bond to be given by an executor when it appears that a surety is "insufficient," or that he "has removed or is about to remove from the State," or that " the bond is inadequate in amount."

I have discovered no provision of statute requiring that, upon the death of a surety on an executor's bond, another bond shall be filed in the place of it.

Counsel for petitioner claims that death should be deemed a " removal from the State " within the meaning of § 2597. If such be the true interpretation of that section, the Legislature was surely somewhat infelicitous in its choice of words.

I should be more disposed to accept the petitioner's view if I were not of the opinion that, despite Mr. Griswold's death, the parties interested in this estate continue to have the same security which they have hitherto enjoyed, against the possible misconduct of the executor.

The death of one who is a surety upon an official bond, such as that of this respondent, does not relieve his estate of liability for the principal's after-management of his trust (Mundorrf v. Wangler, *44 N. Y. Sup'r Ct., 495;* Voris v. State, *47 Ind., 345;* Wood v. Leland, *1 Met., 387;* Moore v. Wallis, *18 Ala., 458;* Green v.

Young, *8 Me.*, *14;* Gordon v. Calvert, *4 Russ.*, *581;*
Hightower v. Moore, *46 Ala.*, *387).*
  Petition denied.