# Burford, Adm'x, *v.* Steele.

*Bill in Equity by Creditor to Vacate and Set Aside Fraudulent Conveyances of Debtor's Property.*

1. *Bill to set aside fraudulent conveyance; when not multifarious.* Under the rule against multifariousness, several distinct matters wholly unconnected, or several defendants against whom the complainant asserts separate demands, the case of each defendant being entirely distinct in its subject-matter from that of the others, can not be joined in the same bill; but, in the application of this rule to particular cases, the court necessarily exercises a discretion, endeavoring to avoid a multiplicity of suits, on the one hand, and not to involve a party in oppressive and expensive litigation in which he has no interest, on the other.

[Burford, Adm'x v. Steele.]

2. *Same.*—Where a ward has obtained a decree against his guardian on final settlement, he may maintain a bill against the surviving surety on the guardian's official bond, jointly with the personal representative of the deceased surety, to enforce satisfaction out of their property; and the surviving surety having executed two mortgages on his property, on successive days, both mortgagees may also be joined as defendants, under allegations of fraud and want of consideration.

3. *Infants not included in the statute of non-claim.*—Infants are not included in the statute of non-claim (Code, § 2598), but they are allowed eighteen months after attaining majority to present their claims; and the fact that an infant has a guardian, who may and should act for him, does not exclude him from the benefit of this exception.

4. *Fraud; when averment of, sufficient.*—While a general charge of fraud, without a statement of the facts on which it is founded, is not sufficient, it is not necessary that all the facts and circumstances shall be minutely alleged; a general averment of facts from which, unexplained the conclusion of fraud arises, is sufficient.

5. *Averment of facts; when not multifarious.*—The averment of facts as to a distinct matter, as to which no relief is prayed, does not make a bill multifarious.

APPEAL from Wilcox Chancery Court.

Heard before Hon. S. K. McSPADDEN.

The bill in this cause was filed on 3d March, 1885, by David Steele against John R. McDowell, Daniel S. Pritchett, Mrs. Harriet McDowell and Mrs. M. Burford, administratrix of P. D. Burford, deceased, for the purpose indicated in the opinion. The chancellor overruled demurrers interposed by the defendants to the bill, and his decree is here assigned as error. The case made by the bill, and the grounds of demurrer, are sufficiently stated in the opinion.

JONES & JONES, S. J. CUMMING, and J. N. MILLER, for appellants.

JOHN Y. KILPATRICK, *contra.*

CLOPTON, J.—The general rule relating to multifariousness, forbids that several and distinct matters, wholly unconnected, or that defendants against whom the complainant asserts separate demands, the case of each defendant being entirely distinct in its subject-matter from that of his co-defendants, shall be joined in the same bill. The application of the general rule to a particular bill must be regulated in exercising a discretion necessarily allowed to the courts, by the purposes,—to avoid a multiplicity of suits on the one hand, and involving a party in oppressive and expensive litigation, in which he has no interest, on the other. The complainant, having obtained a decree against his guardian on a settlement of his accounts, brings the bill to recover the amount of the decree from the sureties on his official bond. The decree was rendered March

13, 1884. On the next day, McDowell, one of the sureties, executed to Pritchett a mortgage on all his real estate to secure a recited debt of $7,000.00; and on the succeeding day, he executed another mortgage on the same real estate to his wife to secure a recited debt of $6,674.28. Both mortgages are assailed as fraudulent, and the mortgagor, and both mortgagees are made defendants. To join as defendants, in bills of this character, persons claiming different portions of the debtor's property under separate conveyances, is a common practice, sanctioned by the courts in the interest of convenience, and of doing complete justice. A bill by a creditor, to vacate and set aside several conveyances as fraudulent, was held not to be multifarious, though the conveyances were to different parts of the debtor's property, executed to different persons and at different times.—*Russell v. Garrett*, 75 Ala. 348; *Lehman v. Meyer*, 67 Ala. 396. Also, where lands were sold in different lots under a decree of the Probate Court, and purchased by different persons, it was held, that all the purchasers may be made defendants to a bill, seeking to declare a trust in the entire lands.—*Holt v. Wilson*, 75 Ala. 58. The bill has a single purpose—the satisfaction of the decree from the property of the sureties. The equitable right of action arises from the necessity to the consummation of this purpose, of setting aside the mortgages, and removing them as a cloud on the title, and an obstruction to an adequate sale of the lands. If the titles of the mortgagees be regarded as separate, they only constitute separate interests in the questions growing out of the subject-matter of the suit, and single object of the bill. In such case, the complainant will not be compelled to resort to two suits to determine his right to have the property sold, unincumbered by either or both mortgages, in satisfaction of his decree.

It is further contended, that the bill is multifarious, for the reason that the administratrix of Burford, one of the sureties, is joined as a defendant with the other surety and his mortgagees. The suit is brought to enforce a joint and several liability. The sureties have a community of interest in the subject-matter of the suit. Each is interested in defeating the claims of complainant, and if unable to defeat it, in the other surety being required to pay his proportion of the liability, thus saving the trouble and expense of a new suit for contribution. If it be conceded, that the demand against the estate of the deceased surety is a legal demand, his personal representative is a proper party to a suit in equity on the bond, and the court having rightfully obtained jurisdiction, founded on an equitable right of action against the other surety, will proceed and determine the rights, equities and liabilities of all the

parties connected with the joint claim asserted by complainant. Under such circumstances, the case of either defendant is not entirely separate and independent of that of the other defendants in respect to the subject-matter.

The statutory requirement, that claims against the estate of a deceased person must be presented within eighteen months after the same have accrued, or after the grant of letters of administration, does not apply to minors, who are allowed eighteen months after the removal of the disability to present the claim. Code, § 2598. The fact that the minor has a guardian does not exclude the claim from the benefit of the exception. *Moore v. Wallis*, 18 Ala. 458. The exception would be nugatory in many cases, if the failure of a guardian to present a claim, arising from his *devastavit*, against the estate of a deceased surety on his official bond, operated to bar the claim. The claim was presented in less than eighteen months after complainant attained his majority.

The bill alleges, substantially, that McDowell did not and does not owe the mortgagees, as recited in their respective mortgages; that they were made for the purpose of hindering, delaying or defrauding complainant, and to screen and protect the mortgagor from the payment of the decree; and that all the parties "were each and all alike cognizant of all the facts, and the true situation in the premises" when the mortgages were made. It may be that the facts, out of which the conclusion of fraud is supposed to arise, might have been more directly and fully alleged. But the allegations are sufficient to notify the defendants, that the *bona fides* of the indebtedness is assailed, and to put in issue the validity of the mortgages. While the general charge of fraud is insufficient, the rule of certainty in pleadings in equity does not require that the facts and circumstances shall be minutely alleged. General averments of facts, from which, unexplained, a conclusion of fraud arises, are sufficient.—*Pickett v Pipkin*, 64 Ala. 520.

While the bill states the facts relating to the note made by the deceased surety, payable to the guardian, and its presentment against his estate, complainant asserts no claim to the note and asks no relief respecting it.—*Juzan v. Toulmin*, 9 Ala. 662.

Affirmed.