## HECHT et al. v. WEAVER.

*(Circuit Court, D. Oregon.  February 19, 1888.)*

PRINCIPAL AND SURETY—BOND TO SECURE ADVANCES—DEATH OF SURETY.
　　The death of a surety in a bond conditioned for the repayment of money advanced to the principal within a definite period or before notice to the obligee of withdrawal therefrom, does not terminate his liability, and his estate in the hands of his administrator is liable for advances made after his decease.

*(Syllabus by the Court.)*

At Law.  On motion for new trial.

*L. B. Cox*, for plaintiffs.

*Edward B. Watson*, for defendant.

DEADY, J.  A motion for a new trial in this case was argued and submitted with the one in the foregoing case.

The action was commenced by the plaintiffs, who are citizens of Massachusetts, against the defendant, as administrator of the estate of Hans Weaver, deceased, to recover the sum of $4,475.90 on a bond executed to the plaintiffs by Philip Peters, Hans Weaver, Robert Phipps, as sureties, and W. F. Owens, as principal, on October 24, 1884, in the penal sum of $15,000, conditioned that if Owens shall pay on demand the

sums of money advanced to him by the plaintiffs, then the obligation to be void, and otherwise to remain in full force. The bond also contains a stipulation to the effect that its duration might be terminated on notice to the obligee, after all liabilities thereunder were discharged. The bond purported to be signed by the obligors, "in the presence of Lafayette Owens and T. C. Stearns;" and the former, when called as a witness by the plaintiffs, testified that he signed the bond as a witness at the request of Owens, but the other parties thereto were not present, nor did he see them sign the same. Stearns was not called.

Weaver and Owens died, as stated in the foregoing case, and due demand was made upon their administrators for the balance due the plaintiffs, with similar results. The answer of the defendant was confined to a denial of any knowledge or information of the matters in controversy. On the trial the jury found a verdict for the plaintiffs for the sum of $3,975.90, on which they had judgment.

The motion for a new trial is based on the same grounds as the one in the *Hall Case, ante,* 104, with the addition of the following:

It appears that some of the advances to Owens were made after the death of Weaver, and that no notice was given by the administrator to terminate the undertaking of the deceased. The court instructed the jury that Weaver's estate was liable in the hands of his administrator for these advances, and this instruction is claimed to be erroneous, and a new trial asked therefor.

On a careful examination of the authorities I have concluded that whenever the undertaking of the surety is for a definite period, as for the conduct of an officer during his term of office, or for the repayment of advances made to the principal in the bond until notice is given the obligee that the liability is terminated, the estate of the surety in the hands of his administrator is answerable for any default of the principal occurring after his death; and this is especially so where, as in this case, the surety bound himself, his "heirs, executors and administrators" for the performance of his undertaking. *Insurance Co.* v. *Davies,* 40 Iowa, 469; *Green* v. *Young,* 8 Greenl. 14; *Knotts* v. *Butler,* 10 Rich. Eq. 143; *Moore* v. *Wallis,* 18 Ala. 458; *Hightower* v. *Moore,* 46 Ala. 387; *Mowbray* v. *State,* 88 Ind. 327. The motion is denied.