RICHARD L. HOLMES, Retired Appellate Judge.
This action arises out of the administration of the estate of Willodean Bradford, deceased. Willodean Bradford (deceased) died intestate in March 1986 and was survived by her husband, Murrell Bradford, and by her daughter, June Spicer Carver.
In April 1986 Murrell Bradford (administrator) was appointed as the administrator of the deceased’s estate. The named sureties on the administrator’s bond, which was accepted and recorded by the judge of probate, were Kennon Cole and Hubert Bradford.
In January 1988 the administrator filed a medical malpractice suit on behalf of the deceased’s estate, which was settled in July 1990. The net amount paid to the deceased’s estate in settlement of the malpractice case was $52,474.
In October 1990 Carver filed a petition to compel an accounting and settlement of the deceased’s estate. Thereafter, the probate court issued a citation to the administrator to file accounts, inventories, and vouchers and *38 to settle his administration of this estate with the probate court on November 28, 1990. The administrator appeared and filed his final accounting, which was contested by Carver.
The probate court held a hearing. An order was issued by the probate court on May 24, 1991. The order provided, in pertinent part:
“It is therefore ORDERED, ADJUDGED AND DECREED that [Carver] have and recover from the estate of [the deceased] the additional sum of $8,655.16, and that [the administrator] have and recover the sum of $47,305.16 from the estate of [the deceased] to complete and settle the administration of the [deceased’s] estate.
[[Image here]]
“It is further ORDERED that upon payment of the sums as hereinabove ordered, [the administrator], as principal, and Hubrt Bradford and Kenmore Cole [which was how the signatures of the two sureties appeared on the administrator’s bond], as sureties, be discharged from the administrator’s bond on file in this cause.”
The administrator died intestate on or about February 5, 1991. The administrator had remarried and was survived by his current wife, Mazie Bradford. The record reveals that there was no administration of the administrator’s estate and that the sum of $8,655.16 was never paid to Carver, pursuant to the order of May 24, 1991.
By letter dated June 10,1991, the attorney for Carver notified “Mr. Hubrt Bradford” and “Mr. Kenmore Cole” (which was how the signatures of the two sureties appeared on the administrator’s bond and how the court listed the names of the two sureties in the May 24,1991, order) of their potential liability as sureties under the May 24, 1991, order. On June 11, 1991, Bradford contacted the office of the probate judge to request that a copy of the administrator’s bond be forwarded to him. The copy of the administrator’s bond was forwarded to Bradford by letter dated June 11, 1991.
In August 1992 Carver filed in the circuit court a petition requesting removal of the administration of the deceased’s estate from the probate court to the circuit court. The petition alleged, in pertinent part, “[t]he administration of said estate is not yet complete.” The circuit court issued an order removing the administration of the estate from the probate court to the circuit court.
In September 1992 Carver filed a complaint in the circuit court against Bradford and fictitious parties, A, B, C, and D. In her complaint Carver alleged that the defendants were liable to her for the sums stated in the May 24, 1991, order of the probate court, which have not been paid to her in accordance with the terms of the order. The complaint indicates that both Murrell Bradford, the administrator of the deceased’s estate, and Kennon Cole, the other named surety on the administrator’s bond, were now deceased. The record indicates that there was no administration on either the estate of Murrell Bradford or the estate of Kennon Cole.
Bradford filed an answer, wherein he asserted that “[t]he administrator’s bond contained within the probate file of the estate of [the deceased] is an artifice and a forgery and does not contain the true signature of [Bradford].”
After a trial the circuit court issued an order, wherein it entered a judgment in favor of Bradford and against Carver. Carver filed a motion for reconsideration, which was denied. The circuit court’s order denying the motion for reconsideration provides, in pertinent part:
“The court based its judgment in this case on the following grounds:
[[Image here]]
“[T]he court was of the view that the purported signature of [Bradford] on the bond created a presumption favorable to [Carver’s] position. In the opinion of the court, that presumption made out a prima facie case for [Carver]. However, the court was of the opinion that that presumption was overcome by the direct, live, and undisputed testimony of [Bradford]. The court considered [Bradford’s] sworn denial of execution to be direct, positive, and undisputed evidence that he did not *39 sign the subject bond. Nothing has been presented to discredit or impeach [Bradford’s] testimony. The court considered his testimony to be clear and convincing.”
Carver appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the circuit court committed reversible error when it determined that Bradford did not sign the administrator’s bond as a surety and, thus, was not liable to Carver for the acts and omissions of the administrator.
Carver contends on appeal that Bradford, as one of the named sureties on the administrator’s bond, is liable for the acts and omissions of the administrator and is not relieved from this liability by the death of the administrator. See Hightower v. Moore, 46 Ala. 387 (1871).
Carver contends that because the administrator’s bond was accepted and recorded by the probate judge, this court must presume that such bond contains the genuine signature of Hubert Bradford. It is Carver’s contention that it is Bradford’s burden to prove that the signature contained on the administrator’s bond is not his signature.
In the present case, Bradford denied, at all stages of the proceedings, that the signature of “Hubrt Bradford” (which is how the signature appeared on the bond) on the administrator’s bond contained in the probate court file was his signature, and he testified at trial that the signature contained on the administrator’s bond was not his signature. It is Bradford’s contention that the signature contained on the administrator’s bond is a forgery and that Carver has the burden to prove that the signature is genuine.
Ala.Code 1975, § 43-2-80, provides, in pertinent part:
“Every person appointed ... administrator ... must give bond with at least two sufficient sureties ... payable to and to be approved by the judge of probate of the county have jurisdiction of the estate.... ”
It would appear that there is nothing in this code section which requires the judge of probate to verify the signatures of the sureties contained on the administrator’s bond. Consequently, this court cannot accept the argument that the mere existence of a signature on an administrator’s bond is entitled to the conclusive ‘presumption that the signature is authentic.
As indicated above, in this case Bradford maintained from the outset, by pleadings and by his testimony at trial, that he had not signed as a surety on the administrator’s bond filed by Murrell Bradford. Additionally, Carver presented no evidence to the contrary to demonstrate that the signature on the administrator’s bond was, in fact, the genuine signature of Bradford.
In view of the above, and under the facts of the present case, the judgment of the circuit court is due to be affirmed.
Bradford has, pursuant to Rule 38, A.R.A.P., requested an attorney’s fee for representation on appeal and the award of costs and expenses incurred on appeal. The request is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.